## JOSIAS LAMONT, Complainant and Appellee,

### vs.

## JOHN STIMSON and SAMUEL W. BEALL et al., Defendants and Appellants.

APPEAL IN EQUITY FROM MARQUETTE CIRCUIT COURT.

A purchaser in good faith, and for a valuable consideration, who takes the legal title without notice of the equities of others in the land, holds it discharged of such equities.

Whatever is sufficient to put a purchaser upon inquiry, is a good notice of equities. But a vague rumor of defect in title, received from a stranger in the course of a casual conversation, is insufficient to charge the purchaser with notice.

The fact of a grantee of land taking security, additional to the covenants of the grantor in his deed, for the warranty of title, is not alone sufficient proof that he had notice of outstanding equities adverse to such title.

THIS was an appeal from a decree of the Circuit Court of Marquette county.

The bill of complaint of Josias Lamont, the appellee, who was complainant in the court below, sets forth that on the 15th day of May, 1846, he entered the southwest quarter of section 21, tract 16 north, of range 12 east, for which he paid, and took the duplicate receipt of the receiver of the land office at Green Bay, which entry was subject to any valid right of preemption that might exist on the lands; and that there was not any valid right of preemption on the land at the time of the purchase. That on the 26th of January, 1846, one David W. Davis filed in the Green Bay land office, a declaratory statement of his having settled upon the said land, and of his intention to claim the same as a preemption right under the act of Congress of September 4, 1841. But that, at the time of filing said declaration, said Davis was not a resident on said land, had made no improvements, erected no dwelling house, nor had he done so up to the time the complainant entered the same. Also, that Davis was a single man, without any family, and, in connection with an-

other person, had entered and paid for another tract of land at a distance from the land in controversy, which he was engaged in improving, with the intention of making it his home; and before and at the time of entering the same, said Davis had repeatedly declared that he abandoned his preemption right to the land in question in this suit, and did not intend to enter the same. That Davis employed one Thurston to go on to said land, under an arrangement to improve the same for the half, or some other portion of the claim; and tried to sell his interest in the claim; and at the time of complainant's entry, he, complainant, knew from personal examination, that there were no improvements upon the land, &c.

The bill also states that the defendant, Beall, desiring to participate in the profits of said land, proposed to Davis to assist him in paying for the land; and that said Davis, on the 27th of January, 1846 [*quere*, 1847 ?], went to the land office and made oath in form, as prescribed by acts of Congress, entered the land, and received a duplicate therefor. The bill charges that said oath was false, insomuch as it affirmed the settlement and improvement of the land by Davis.

That Davis conveyed the land by deed to Beall, on the 5th May, 1847, and that a patent for the land issued to Davis in November, 1848, and that Beall conveyed the same land on the 23d July, 1849, to defendant Stimson, who "bought and paid for the land with a full knowledge of complainant's rights."

Beall answers, denying the material parts of the complainant's bill, so far as they go to depreciate the claim of Davis to the land, &c., and both he and Stimson deny that Stimson purchased the land with a full knowledge of the complainant's rights, as set forth; and aver that Stimson bought the land in good faith, and paid Beall $1,000 for the same, and deny that complainant ever had any claim, either equitable or legal, to the land.

The answers are full as to all the charges of the bill, and in addition, set up a decision of the conflicting claims of Lamont and Davis, made by the register and receiver of the land office at Green Bay, which was, on appeal, confirmed by the commissioner of the United States general land office, at Washington,

and also by the honorable secretary of the United States treasury; which decisions, they aver, are, and ought to be, final and conclusive as to the claim of complainant.

A great amount of testimony was taken, no part of which became material to the point decided by this court, except that relating to the knowledge of the defendant Stimson, of the rights and equities of the complainant in the land, at or before the purchase by him from Beall, which was that of John C. Sherwood, and was as follows: "Witness knows the parties to this suit; John Stimson, one of the defendants, told me that he intended to purchase the southwest quarter of section 21, tract 16, range 12, in Marquette county, in the year 1849; Stimson came to me and wanted to know whether the purchase of that land, at a certain price, would be a good purchase; witness replied, he thought it would, if the title was perfect; that he did not know whether there was an equitable claim, but that Josias Lamont said he should prosecute it further, and thought he should get the land; and witness advised Stimson to take security if he bought the land; afterwards he inquired if Bazeley was good; had several conversations with Stimson; thinks this was in his carriage; does not know as any one else was with him; the substance of my conversation with Stimson was, that Lamont had said he should prosecute the matter further."

Complainant also introduced in evidence a copy of a bond, executed by Beall and William Bazeley, in the sum of two thousand dollars, reciting the conveyance by Beall to Stimson of the land in controversy, and conditioned that the obligors should " warrant and defend from all persons claiming the whole or any part thereof, the described premises, for the period of twenty-five years from the date thereof."

The court below, upon the hearing, found the equity of the case with the complainant, and decreed a conveyance to him of the land in controversy by defendant Stimson, upon payment by complainant to said Stimson of the sum of two hundred dollars, and for costs, against the defendants Beall and Davis.

*A. B. Hamilton* and *J. R. Doolittle,* for appellants.

The whole subject matter of the controversy has been submitted voluntarily by both parties to the proper officers of the United States; and upon a hearing of all the proof and allegations of the parties, the claim of the plaintiff was held to be without foundation. *Embury vs. Connor*, 3 *Comst.* 522; *Voorhees vs. Bank U. S.*, 10 *Peters*, 449; 1 *John Cas.* 436; *Note A, p.* 442; 2 *Smith's Lead. Cas. tit. Estoppel, p.* 445, *note ;* 3 *East*, 346; 12 *Wend.* 399; 3 *Wis.* 554; 9 *How.* 314, 333; 13 *Peters*, 498; 2. *Gilman*, 598; 2 *Story*, §§ 1457, 1458, 1459.

The defendant Stimson is a *bona fide* purchaser, for a valuable consideration; and there is no sufficient evidence to charge him with notice of any equity of the complainant.

Mere vague reports from strangers, or mere general assertions that some other persons claim a title, is not sufficient to charge a person with actual notice. *Wildgoose vs. Wayland, Gouldsb.* 147, *p.* 157; *Tolland vs. Stainbridge*, 3 *Vesey*, 478; *Fry vs. Porter*, 1 *Mad.* 300; *Butcher vs. Stapeley*, 1 *Vern.* 363.

A direct statement to a purchaser of the existence and nature of an adverse claim or title would be sufficient. But it must be sufficiently definite to enable the purchaser to ascertain whether it is authentic. *Butler vs. Stephens*, 26 *Maine*, 484; *Le Neve vs. Le Neve, White & Tudor's Eq. Cas. and note, at length;* 3 *Sug. Vend.* 315, 452; 2 *Watts*, 78; 7 *id.* 163, 167; 8 *Cow.* 269.

*A Hand,* for appellee.

*By the Court,* WHITON, C. J. Without attempting to decide all the questions involved in this appeal, we shall confine ourselves to the consideration of the right of Stimson, who claims the rights of a *bona fide* purchaser of the land for a valuable conrideration, without notice of the claim of the complainant. We are of opinion that he is in a position to claim those rights, and that, therefore, the decree which was made in the court below, ordering him to convey the land to the complainant, must be reversed.

Lamont vs. Stimson, Beall et al.

In his answer, Stimson claims to have purchased the land in dispute without any knowledge of the claim of Lamont, and to have paid therefor the sum of one thousand dollars, which appears to have been a fair price for it.

The testimony relied upon to prove that Stimson had knowledge of the right or claim of Lamont to the land, is that of the witness Sherwood, who testifies that he had a conversation with Stimson upon the subject of the purchase of the land, in which Stimson told the witness that he intended to purchase the land of Beall, and wished to know whether the purchase of the land at a certain price would not be a good bargain; that the witness replied he thought it would be if the title was perfect; that he did not know whether there was an equitable claim [to the land], but that Josias Lamont said he should prosecute it further, and thought he should get the land; that he advised Stimson to take security if he bought the land. The witness further testified that Stimson afterwards again inquired if Bazeley was good. The facts above mentioned, and the further fact that Stimson took the bond from Beall and Bazeley, which was put in evidence, constitute the testimony which the complainant relies upon to show that Stimson was a purchaser, with notice of the rights of the complainant.

As we have already stated, we do not think it is sufficient to establish that fact. We suppose it to be well settled that whatever is sufficient to put a man upon inquiry is good notice; that is, " when a man has sufficient information to lead him to a fact, he shall be deemed conversant of it." But mere rumor or suspicion of a defect in the title, will not be sufficient to operate as notice. *See the case of Parker vs. Kane et al.*, 4 *Wis. R.* 1, *and cases there cited.*

Although the law seems thus to be well settled, it is frequently quite difficult to decide whether a case of notice is made out or not. In this case, it is to be observed that Sherwood, the witness, was a stranger, and was applied to by Stimson for information as to the value of the land, and that the information which Sherwood gave to Stimson about the claim of Lamont was in the course of the conversation which resulted from the inquiries

which Stimson made relative to the expediency of making the purchase at the price named; and that the witness told Stimson that he did not know as there was any equitable claim to the land, but he heard Lamont say he intended to prosecute it further, and thought he should get the land, and advised Stimson to take security, &c. This was mere rumor. The information given by the witness was to the effect that he did not know of any equitable claim to the land. It is true that he had heard the complainant say he should prosecute it further, but this was merely a statement of what a stranger had said, of whose existence (so far as the testimony shows) Stimson was entirely ignorant. Of whom was Stimson to make the inquiry? Was it his duty to inquire who Lamont was, to find him out, and ascertain what his claim was—a claim which a stranger had informed him was to be prosecuted against the land? We think not. It may be contended, that the fact of Stimson taking the bond of Beall and Bazeley was evidence that he knew of the claim of Lamont; that in fact this was intended to save Stimson harmless from the effect of this claim. Of this the evidence is very slight, and we are not aware that because a grantee takes security in addition to the covenants of his grantor, he ought to be regarded as conversant of an outstanding title to the land conveyed. We give no opinion as to the position of the other defendants. As the decree (except as to costs) is wholly against Stimson, we have thought best to consider the case as regards his rights alone, leaving the complainant to prosecute his claim against the other defendants, if his bill is properly framed for that purpose.